**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Bruce Hamilton THROCKMORTON, Defendant/Appellant.**

**No. 85–5058.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 1985.

Decided March 13, 1986.

As Amended on Denial of Rehearing April 25, 1986.

---

Roel C. Campos, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff/appellee.

Harvey A. Schneider, Woodland Hills, Cal., for defendant/appellant.

Before GOODWIN and BOOCHEVER, Circuit Judges, and WILLIAMS, District Judge.*

BOOCHEVER, Circuit Judge:

Bruce Hamilton Throckmorton pled guilty to making false statements in application for a passport. He entered a conditional plea of guilty and reserved his right to appeal the district court's denial of his motion to suppress evidence seized during the boarding of his boat by customs and police officers. We find that because Throckmorton's Fourth Amendment rights were not violated during the search that uncovered the passports, the district court properly denied the motion to suppress.

## I. FACTS

On August 14, 1984, the Ventura Police Department received a telephone call from Elizabeth Thompson, who lives on a boat docked at the Ventura West Marina (Marina). Thompson told Ventura Police Detective David Williams that she thought a dispute involving either illegal drugs or a lovers' quarrel was taking place on a nearby vessel, the *Miss Leslie.*

Detective Williams telephoned the Marina's manager to ask about the *Miss Leslie*'s occupant. The manager explained that Throckmorton and the *Miss Leslie* arrived in the Marina in February 1983, some nineteen months earlier. While Throckmorton lived on the boat, the Marina had received complaints about loud music and smoking of marijuana.

The police contacted United States Customs Officer Joseph Willey who decided Customs should check the *Miss Leslie* for registration. Willey and another customs officer accompanied four police officers to the *Miss Leslie* for an investigation. Officer Willey identified himself as a customs officer and asked permission to come aboard. Throckmorton said, "Sure. Come on in." Officer Willey and Detective Williams boarded the vessel while the others remained on the dock.

Officer Willey repeated that he was a customs officer and told Throckmorton that he wanted to see the boat's documentation. Throckmorton indicated that he had the papers in a cabinet and began rummaging for them. While he was doing so, Officer Willey asked permission to inspect the main beam for the boat's registration number. Throckmorton said, "Sure, go ahead."

---

* Honorable Spencer M. Williams, United States District Judge for the Northern District of California, sitting by designation.

Officer Willey moved from the main cabin to the forward section looking for the main beam. While looking he noticed marijuana at the bow of the boat. He called Detective Williams forward and showed him the marijuana. Both returned to Throckmorton and asked for an explanation. Throckmorton had no explanation. When further asked about the incident reported by Thompson, Throckmorton explained that an old friend, Barry Jonas, had been free-basing cocaine on board. Throckmorton explained that he did not tolerate drugs or their use on his boat, and consequently threw Jonas and the contents of Jonas' briefcase off. Detective Williams testified that he asked to search the boat for contraband and Throckmorton responded, "You can search whatever you want."

During the subsequent search, drugs and three passports were found. Two of the passports were in Throckmorton's name and the third in that of a Gary Redding. All three passports, however, bore Throckmorton's picture.

On October 30, 1984, Throckmorton was indicted for making false statements in application for a passport in violation of 18 U.S.C. § 1542 (1982). He filed a motion to suppress evidence on January 2, 1985, and his motion was heard on February 5, 1985. The district court denied the motion, relying on 19 U.S.C. § 1581 (1982). Once the suppression motion was denied Throckmorton entered a conditional plea of guilty and reserved his right to appeal the district court's denial of his motion to suppress.

## II. ANALYSIS

In determining whether the district court properly dismissed Throckmorton's motion to suppress, we address whether either the customs official's daytime boarding of the *Miss Leslie* for the purpose of conducting a document inspection or the subsequent below-deck search violated Throckmorton's Fourth Amendment rights. We find that on the facts of this case the document inspection and the subsequent below-deck search did not violate the Fourth Amendment. The district court therefore properly dismissed Throckmorton's motion to suppress.

■ Turning first to the document search, we note that 19 U.S.C. § 1581 provides:

Any officer of the customs may at any time go on board of any vessel ... at any place in the United States or within the customs waters ... and examine the manifest and other documents and papers and examine, inspect, and search the vessel ... and any person, trunk, package, or cargo on board and to this end may hail and stop such vessel, ... and use all necessary force to compel compliance.

In *United States v. Villamonte-Marquez,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983), the Supreme Court held that a section 1581 boarding—limited to the publicly exposed deck area—involves only a minimal intrusion on protected Fourth Amendment interests. Such a boarding was therefore reasonable in light of the legitimate government interest in verifying documentation of vessels with ready access to the open sea. On the authority of *Villamonte-Marquez,* we held in *United States v. Humphrey,* 759 F.2d 743 (9th Cir.1985), that the Coast Guard's daytime boarding of a sailboat in order to conduct a document and safety inspection was reasonable even though boarding was conducted without a warrant, without probable cause, and without an administrative plan limiting the discretion of the Coast Guard officers. *See also United States v. Dobson,* 781 F.2d 1374, 1376–77 (9th Cir.1986); *United States v. Cilley,* 778 F.2d 1411, 1413 (9th Cir. 1985). Although Throckmorton contends that the *Miss Leslie* was harbor bound, she was in a location giving ready access to the open sea. Further, there was nothing to indicate that the *Miss Leslie* was not capable of a sea voyage. Therefore, pursuant to 19 U.S.C. § 1581, *Villamonte-Marquez,* and *Humphrey,* we hold that the custom agents' initial daytime boarding of the *Miss Leslie* for a document inspection did not

violate Throckmorton's Fourth Amendment rights.[1]

█ Our decision that the boarding did not violate the Fourth Amendment does not extend to the below-deck search. We must thus decide whether the subsequent below-deck search of the *Miss Leslie* was constitutionally permissible. Throckmorton's counsel, however, conceded at oral argument that Throckmorton consented to a search of the *Miss Leslie* for the main beam and, upon the sight of marijuana in plain view, a subsequent complete below-deck search. The below-deck search led to the discovery of the passports. Because Throckmorton consented to the below-deck search, his Fourth Amendment rights were not violated in the search that uncovered the passports. The district court properly dismissed Throckmorton's motion to suppress the passports.

### III. CONCLUSION

Throckmorton's position both in the briefs filed and at oral argument was essentially that if the boarding was valid everything else was legitimate. Upon appeal it is not seriously contested that Throckmorton consented to a search of the Miss Leslie for the main beam and, upon the sight of marijuana in plain view, a subsequent complete below-deck search. We thus reject Throckmorton's arguments that the passport evidence should have been suppressed and affirm the district court.

AFFIRMED.

---

**1.** Although we find that the initial boarding of the *Miss Leslie* was proper, we do not address whether customs agents, once aboard, can do more than is necessary to complete the document inspection. Among other issues, we do not reach whether in a case such as this, where